State of Iowa v. M. L. Hatlestad, Appellant.

Indictment: ALTERATION: EVIDENCE. On an issue as to a material change in an indictment after it had been returned by the grand jury, evidence simply of an erasure and substitution of another figure in the alleged date of the offense which appeared on both the original and carbon copy, with no showing as to when the erasure was made, is held insufficient to establish a material change.

Liquor nuisance: SUFFICIENCY OF EVIDENCE. Where the only evidence relied upon to establish the illegal sale of liquor was requests to purchase by persons in the habit of becoming intoxicated to whom sales were alleged to have been made, a conviction for maintaining a liquor nuisance will not be upheld in the absence of a showing on appeal that the requests were properly preserved and introduced upon the trial, although the case was submitted on the theory that the requests were properly before the court.

*Appeal from Hardin District Court.*— Hon. J. R. Whitaker, Judge.

Tuesday, November 13, 1906.

Defendant was indicted and convicted for maintaining a liquor nuisance, and appeals. *Reversed and remanded.*

*Ward & Williams,* for appellant.

*Chas. W. Mullan, Attorney General,* and *Lawrence De Graff, Assistant Attorney General,* for the State.

McCLAIN, C. J.— The offense charged in the indictment was maintaining a place with intent to unlawfully keep and sell intoxicating liquors therein, and selling intoxicating liquor within such place contrary to law. Evidence showed that defendant was a registered pharmacist, and had returned to the county auditor requests for liquor on which sales had been made, and the prosecution attempted to prove that some of the sales thus returned had been made to persons in the habit of becoming intoxicated.

I. The first alleged error of the court was in convicting the defendant under an indictment which had been materially changed between the time of its being returned by the grand jury and the time of trial. The only evidence of this change was a discrepancy between the copy of the indictment delivered to the defendant and the original on which the trial was had. We have examined the original indictment and defendant's copy, certified to us from the lower court, and are unable to discover that there is any difference. The defendant's copy is evidently a carbon duplicate of the original indictment, and the supposed discrepancy is in one of the figures designating the date of the commission of the offense. In the carbon copy the figure is obscure, but this obscurity is evidently due to an erasure and substitution of another figure in both the original and the duplicate. There is no evidence as to when this erasure was made, but, as it was evidently made before the duplicate was delivered to the defendant, there is no reason to assume that it was subsequent to the approval of the indictment by the grand jury. This whole matter was properly for the determination of the trial court, and we think that its conclusion that

1. INDICTMENT: alteration: evidence.

the indictment had not been modified between its approval by the grand jury and the trial of the case was correct.

II. The case was tried by the county attorney and is presented on this appeal on the theory that requests for the sale of intoxicating liquors on which sales were made

2. LIQUOR NUISANCE: sufficiency of evidence.

to three persons particularly named were introduced in evidence, and tended to show that sales had been made to such persons; and the state proceeded to prove that each of these three persons was in the habit of becoming intoxicated at the time these sales were made. The contention of the defendant is that the requests for intoxicating liquor returned by the defendant to the auditor showing sales to these three persons were not introduced in evidence, and that there was no evidence whatever that any sales to such persons had been made. As there was no evidence of sales to such persons unless the requests referred to were introduced in evidence, we have examined the record particularly in this respect and have been unable to find that at any time these requests were introduced in evidence or properly before the court or jury. The state, by an amended abstract, seeks to incorporate these requests as covered by certain exhibits which were introduced in evidence, but the correctness of the amended abstract in this respect is denied by appellant, and the exhibits themselves have been certified. The exhibits as thus certified are the defendant's bi-monthly statements to the county auditor showing purchases of liquor by him, and purport to include requests for liquors, but no such requests are attached. From the testimony of the auditor we infer that certain requests were returned by the defendant in connection with his bi-monthly report, and that they were sent to the grand jury, but it does not appear that they were ever stamped as filed with the auditor, or that they are now a part of the record in the auditor's office, and, so far as the certification shows, they were never introduced in evidence in the trial court, and are no part of the record of the case

in that court. If these requests were not in eivdence, then there was no evidence of sales to the parties who were proven to have been in the habit of becoming intoxicated. In this condition of the record we cannot sustain the conviction, for it is without support in the evidence introduced.

The judgment of the trial court is therefore reversed, and the case is remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*